## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF PUERTO RICO

| | |
|---|---|
| ROLANDO ORTEGA CANDELARIA<br>Plaintiff<br><br>vs.<br><br>JOHNSON & JOHNSON AND<br>MEDICAL CARD SYSTEM, INC.<br><br>Defendant. | Civil Action No.<br><br><br>ERISA |

## COMPLAINT

To the Clerk of the Court:

COMES NOW the plaintiff Rolando Ortega Candelaria, through the undersigned attorney, and very respectfully state and pray:

### I. JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et. seq., and more particularly 29 U.S.C. § 1109, § 1132(a)(1)(B)b. This Court has jurisdiction of this matter under 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

### II. PARTIES

2. The plaintiff is Rolando Ortega Candelaria is a resident of Arecibo, Puerto Rico.

3. Codefendant Johnson & Johnson is a corporation with business in Puerto Rico, and maintained an employee welfare plan for its employees regulated by ERISA.

4. Codefendant Medical Card Systems, Inc., is the health plan insurer that administrates codefendant Johnson & Johnson's plan.

### III. FACTS

5. Plaintiff was an employee of the defendant Johnson & Johnson. As such, he is a qualified participant in the Long Term Income Plan For Employees of Johnson & Johnson and Wholly-Owned Subsidiaries in Puerto Rico ("the Plan"), an employee welfare benefit plan within the

meaning of 29 U.S.C. § 1002.

6. The co-defendant Johnson & Johnson maintained the Plan for its employees, and codefendant MCI administrated it.

7. Since December 18, 2002, Mr. Ortega has been unable to work due constant pain at the neck, buttocks and legs.  He has several severe functional limitations in activities such as: sitting-standing, walking, bending, pushing, pulling, lifting, carrying, climbing, descending ladders or stairs, operating foot pedals, etc.

8. This pain is caused because plaintiff has several vertebral herniations, osteoartritis, vertebral malformations, 32º thoracic dextroscolisis,  36º lumbar-rotatory levoescoliosis, among other painful health conditions.  This conditions even required surgery to plaintiffs vertebral column.

9. Plaintiff health condition totally disable the plaintiff to do any gainful work.  Because this fact, the Social Security Service totally disabled the plaintiff.

10. Since the year 2003, plaintiff has requested to the codefendants Johnson & Johnson and MCS grant him the long term disability benefits, under the Long Term Income Plan For Employees of Johnson & Johnson and Wholly-Owned Subsidiaries in Puerto Rico.

11. Nevertheless, the codefendants capriciously and arbitrarily, refused granting the plaintiff his long term disability benefits.  On January 26, 2005, the defendants, after the pertinent administrative procedures, wrongly reaffirmed their denial to plaintiff's requests for benefits..

12. This denial was in violation of the terms of the plan, and in direct contradiction of the medical evidence and using information and evaluations provided by persons not qualified as doctors or medical experts.

13. Because codefendants actions or omission, plaintiffs were striped of his medical coverage, and benefits under the longterm disability plan.

## COUNT I

14. Plaintiff restates and re-alleges paragraphs 1 through 14, as the paragraphs for this paragraph as

though fully set forth herein.

15. ERISA §502(a)(1)(B) provides plan participants and beneficiaries with an express private right of action to recover benefits due to them under the terms of their plan. 29 U.S.C. §1132(a)(1)(B).

16. Plaintiff is entitled to the payment of the due benefits under the Plan, estimated in $100,000.00, interests to compensate the loss of benefits, and the restitution of all his benefits under the plan

## COUNT IV

17. Plaintiff incorporates Paragraphs 1 through 16 of this Complaint as though set forth here in full.

18. Plaintiffs are entitled to costs and reasonable attorney fees.  29 U.S.C. § 1132(g).

19. Defendants jointly respond to the plaintiff.

**WHEREFORE,** Plaintiff requests to the Honorable Court to enter judgment and against the defendants for: (1) the amount of $100,000.00, plus interest, to compensate Plaintiff for the erroneous denial of benefits under the Plan; (2) order the defendant to reconstitute the plaintiff's benefits; (3) that Defendants be required to reimburse Plaintiff for reasonable attorney's fees and costs and (4) the imposition of such other and further penalties against Defendants as deemed appropriate.

**RESPECTFULLY SUBMITTED.**

**CERTIFICATE OF SERVICE:** I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, that would notify to the attorneys of record.

In San Juan, Puerto Rico,  December  11, 2008.

s/ Pedro J Landrau-López
**Pedro J. Landrau-López**
Pedro J. Landrau López, Esq.
USDC No. 220812
landrau@email.com

Attorney for Plaintiff
P.O. Box 29407
San Juan, Puerto Rico 00929-0407

Tel.(787) 636-0135
Fax. (787) 768-6051