UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ROLANDO ORTEGA-CANDELARIA,

    Plaintiff,

    v.

JOHNSON & JOHNSON, et al.,

    Defendants.

Civil No. 08-2382 (JAF)

**OPINION AND ORDER**

Plaintiff, Rolando Ortega-Candelaria, brings this action against Defendants, OrthoBiologics LLC ("Ortho") and Medical Card Systems, Inc., alleging breach of fiduciary duties and claiming entitlement to benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1109, 1132(a)(1)(B). (Docket No. 1.) Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docket No. 17.) Plaintiff opposes the motion (Docket No. 18), Defendants reply (Docket No. 23), and Plaintiff sur-replies (Docket No. 33).

**I.**

**Factual and Procedural Synopsis**

As we convert Defendants' motion into one for summary judgment, we derive the following facts from the parties' motions, statements of uncontested material facts, and exhibits. (Docket Nos. 17, 18, 23, 28, 29, 33, 36.)

Plaintiff was an employee of Ortho who qualified as a beneficiary under the Long Term Disability Income Plan for Employees

of Johnson and Johnson and Affiliated Companies in Puerto Rico ("LTD Plan"). Dated July 1, 2004, the LTD Plan provided that "[a]ny lawsuit filed by or on behalf of a Participant regarding the denial of a claim . . . may not be commenced later than twelve months following the date of the notice of that final determination." (Docket No. 17-2 at 17.) A prior, obsolete version of the plan dated January 1, 2002, did not include the twelve-month limitation, but advised readers that "[t]he Plan and the Trust agreement may be amended . . . at any time and from time to time." (Docket No. 18-4 at 21.)

Plaintiff has been unable to work since December 18, 2002, on account of constant pain due to vertebral herniations. He has requested payments of benefits under the LTD Plan from Defendants since 2003, which Defendants have denied. On January 26, 2005, Defendants reaffirmed their denial of benefits.

Plaintiff filed the instant case in federal district court on December 14, 2008. (Docket No. 1.) On April 7, 2009, Defendants moved to dismiss. (Docket No. 17.) Plaintiff opposed on April 21, 2009 (Docket No. 18), Defendants replied on May 11, 2009 (Docket No. 23), and Plaintiff sur-replied on May 28, 2009 (Docket No. 33).

## II.

### Conversion to Motion for Summary Judgment

If "matters outside the pleadings are presented" in a motion under Rule 12(b)(6) and considered by the court, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ.

P. 12(d). The court may convert the motion sua sponte without "express notice . . . if the surrounding circumstances effectively place the parties on notice that the court has the option of treating the motion as a motion for summary judgment and the parties have been given 'reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'" C.B. Trucking, Inc. v. Waste Mgmt., Inc., 137 F.3d 41, 43 (1st Cir. 1998) (quoting Rodríguez v. Fullerton Tires Corp., 115 F.3d 81, 83 (1st Cir. 1997)). The parties annexed competing versions of the LTD Plan to their briefs (Docket Nos. 17-2, 18-4) and are, thus, aware that we must consider matters outside the pleadings to resolve the motion to dismiss. We, therefore, convert this motion to one for summary judgment.

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party, and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

The movant carries the burden of establishing that there is no genuine issue as to any material fact; however, the burden "may be discharged by showing that there is an absence of evidence to support the non-movant's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325,

Civil No. 08-2382 (JAF)                                              -4-

331 (1986). The burden has two components: (1) an initial burden of production, which shifts to the non-movant if satisfied by the movant; and (2) an ultimate burden of persuasion, which always remains on the movant. Id. at 331.

In evaluating a motion for summary judgment, we view the record in the light most favorable to the non-movant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). However, the non-movant "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). In rare situations, we may grant summary judgment sua sponte, provided that discovery has sufficiently progressed to determine relevant facts and the target has at least ten days' notice to contest the impending judgment. Stella v. Town of Tewksbury, 4 F.3d 53, 55-56 (1st Cir. 1993).

### III.

### Analysis

Defendants contend that the statutes of limitations under ERISA and Puerto Rico law, as modified by the LTD Plan, bar Plaintiff's claims. (Docket No. 17.) We address, in turn, Plaintiff's claims for breach of fiduciary duty and benefits under the LTD Plan.

**A.   Breach of Fiduciary Duty**

We note that Plaintiff's complaint alleges no facts in support of a claim for breach of fiduciary duty (see Docket No. 1), which is ordinarily insufficient to state a legally-cognizable claim for

Civil No. 08-2382 (JAF)                                              -5-

relief, see Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008). However, as Defendants do not move to dismiss on this basis, we address their argument under the time bar. (Docket No. 17.)

ERISA permits beneficiaries of employee benefits plans to recover for a defendant's breach of fiduciary duty. 29 U.S.C. §§ 1109(a), 1132(a)(2). This cause of action is subject to an explicit limitations provision, under which no action may be brought

> after the earlier of –
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation . . . .

Id. § 1113.

Plaintiff does not identify the duty allegedly breached by Defendants or when he became aware of this breach; he simply accuses them of violating the LTD Plan by denying him benefits. (Docket No. 1.) Plaintiff was aware of the breach by January 26, 2005, at the latest, when Defendants notified him of their final decision to deny him benefits under the LTD Plan, as Plaintiff alleges no facts beyond this date. (Id.) Therefore, the limitations period for Plaintiff's fiduciary claim expired on January 26, 2008, or three years after he had actual knowledge that Defendants had breached the LTD Plan. See 29 U.S.C. § 1113(2). As Plaintiff did not commence this case until

December 14, 2008 (Docket No. 1), any claim for breach of fiduciary duty under ERISA is temporally barred.

**B.   Recovery of Benefits under LTD Plan**

Plaintiff argues that the limitations period under the LTD Plan cannot apply, as he did not receive notice of the relevant laws pertaining to statute of limitations in ERISA cases and that Defendants had not apprised him of the amendment to the LTD Plan which imposed a modified limitations period. (Docket No. 18.)

ERISA permits beneficiaries to recover denied benefits under ERISA plans. 29 U.S.C. § 1132(a)(1)(B). As ERISA does not provide a statute of limitations for this form of relief, "federal courts borrow the relevant statute of limitations from the forum state," usually by analogy to the forum's substantive law of contracts. Island View Residential Treatment Ctr. v. Blue Cross Blue Shield of Mass., Inc., 548 F.3d 24, 27 (1st Cir. 2008) (citing Edes v. Verizon Commc'n, Inc., 417 F.3d 133, 138 (1st Cir. 2005)).

Accordingly, we look to the Puerto Rico statute of limitations for contracts, see Nazario-Martínez v. Johnson & Johnson Baby Prods., Inc., 184 F. Supp. 2d 157, 161-62 (D.P.R. 2002), which provides for a fifteen-year limitations period, 31 L.P.R.A. § 5294 (2006). This fifteen-year period is a statutory default which parties to a contract may generally modify. R.P. Farnsworth & Co. v. P.R. Urban Renewal & Hous. Corp., 289 F. Supp. 666, 668-69 (D.P.R. 1968) (citing, inter alia, 12 Manresa, Comentarios al Código Civil 937

Civil No. 08-2382 (JAF)                                           -7-

(1951)). A contractual modification creates a period of "caducity" under the civil law, which "admit[s] no interruption. [Its] extinguishing or barring effect is absolute and runs automatically with time." Id. at 669. Caducity precludes judicial tolling. Prime Retail, L.P. v. Caribbean Airport Facilities, Inc., 975 F. Supp. 148, 153 (D.P.R. 1997).

In the case at bar, Defendant has shown that the controlling LTD Plan expressly limits claims for denial of benefits to one year after notification of the denial. (Docket No. 17-2 at 17.) As Plaintiff received notice on January 26, 2005, the modified period expired on January 26, 2006, well before this action was filed on December 14, 2008. (See Docket No. 1.)

Plaintiff does not dispute the validity of the LTD Plan. (See Docket Nos. 18, 33.) Rather, Plaintiff suggests that equitable estoppel should apply because Defendants did not apprise him of the law on statute of limitations or make him aware of the amended clause in the LTD Plan pertaining to the twelve-month limitations period. (Docket No. 18.)

These arguments are unavailing, as Defendants have no duty to instruct Plaintiff on the law. Absent a showing of material misrepresentations by Defendants, there is no fraud. Rather, Plaintiff had a duty to read the terms of his agreement and LTD Plan. Plaintiff may not rely on an outdated copy of the plan from 2002 when it expressly warned that it could be amended at any time (Docket

Civil No. 08-2382 (JAF)                                                      -8-

No. 18-4 at 21), and Plaintiff had every opportunity to inquire and procure a current version of the LTD Plan in January 2005 when Defendants gave final notice of their denial of benefits.

## IV.

## Conclusion

In view of the foregoing, we hereby **GRANT** Defendants' motion for summary judgment (Docket No. 17), and **ORDER** the entry of judgment dismissing the complaint with prejudice.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 25th day of June, 2009.

                                                S/José Antonio Fusté  
                                                JOSE ANTONIO FUSTE  
                                                Chief U.S. District Judge