UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROLANDO ORTEGA-CANDELARIA,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON, et al.,<br><br>Defendants. | Civil No. 08-2382 (JAF) |

**O R D E R**

On July 6, 2009, Plaintiff Rolando Ortega-Candelaria moved for reconsideration of our Opinion and Order dated June 25, 2009. (Docket No. 40.) Defendants opposed the motion on July 20, 2009. (Docket No. 41.)

We granted summary judgment in favor of Defendants on the basis of the statute of limitations, as modified by contract between the parties. (Docket No. 38.) Plaintiff contends that our prior order exhibited an error of law with respect to our refusal to apply equitable estoppel against Defendants' assertion of the temporal bar. (Docket No. 40.) Plaintiff argues for equitable estoppel on the basis of Defendants' alleged failure to sufficiently notify him of his available remedies and deadlines. (Id.) In response, Defendants insist that they had provided legally-adequate notice to Plaintiff. (Docket No. 41.)

Pursuant to Federal Rule of Civil Procedure 59(e), we entertain motions for reconsideration to (1) correct manifest errors of law or

Civil No. 08-2382 (JAF)                                              -2-

fact, (2) consider newly-discovered evidence, (3) incorporate an intervening change in the law, or (4) otherwise prevent manifest injustice. See Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citing 11 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); see also Dr. José S. Belaval, Inc. v. Pérez-Perdomo, 465 F.3d 33, 37 n.4 (1st Cir. 2006); Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997); FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992). A Rule 59(e) motion "must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

> To assert equitable estoppel, a party must demonstrate that (1) the party to be estopped made a "definite misrepresentation of fact to another person having reason to believe that the other [would] rely upon it"; (2) the party seeking estoppel relied on the misrepresentations to its detriment; and (3) the "reliance [was] reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading."

Ramírez-Carlo v. United States, 496 F.3d 41, 49 (1st Cir. 2007) (quoting Heckler v. Cmty. Health Servs., 467 U.S. 51, 59 (1984)). Plaintiff bases his argument for estoppel on Defendants' alleged failure to furnish information on procedures for review and relevant time limits in their notice of denial of benefits. (Docket Nos. 33, 40.) Plaintiff apparently confuses the issue of Defendants' compliance with statutory duties of disclosure under federal law with

Civil No. 08-2382 (JAF)                                                     -3-

their alleged misrepresentation by means of affirmative statements or material omissions in their communications with Plaintiff. (See id.) The relevant inquiry is not whether Defendants provided legally-sufficient details on Plaintiff's potential remedies, but rather whether Defendants' representations to Plaintiff were so materially misleading as to prevent him from satisfying the statute of limitations. See Ramírez-Carlo, 496 F.3d at 49.

In our prior order, we found no material misrepresentation by Defendants as the Plaintiff's outdated copy of his Long-Term Disability Plan ("LTD Plan"), effective October 28, 2002, expressly warned that it was subject to revision at any time. (Docket Nos. 18-3, 38.) A revised version of the LTD Plan, promulgated on July 1, 2004, replaced the prior version and included a limitation of lawsuits to one year from a denial of benefits. (Docket No. 17-2.) Plaintiff does not challenge the validity of this updated LTD Plan or its applicability to him when Defendants denied him benefits. (See Docket Nos. 18, 33, 40.) As we held in our prior order, Plaintiff had a duty to read the most recent version of his LTD Plan and, thus, should have discovered the relevant time limit to avoid the temporal bar. (Docket No. 38.)

Instead of contesting the validity of the revised LTD Plan, Plaintiff points to Defendants' letters informing him of their denial of benefits. (Docket Nos. 33, 40.) These submissions exhibit no material misrepresentations by Defendants. (See Docket Nos. 33-2, 36-

Civil No. 08-2382 (JAF)                                                      -4-

2.) Defendants' letter dated January 26, 2005, simply advised Plaintiff that he could file another appeal with Defendants to challenge his denial of benefits. (Id.) The letter made no representations as to Plaintiff's legal remedies in a court of law. (See id.) Although Plaintiff referred to a second letter denying a second appeal dated March 20, 2005 (Docket No. 33), he never submitted this communication for our consideration.

As Plaintiff cannot identify any "definite misrepresentation of fact" by Defendants, there is no basis for equitable estoppel. See Ramírez-Carlo, 496 F.3d at 49. Accordingly, we find no manifest error of law to warrant reconsideration of our order granting summary judgment to Defendants. See Allied Home Mortgage, 402 F.3d at 7 n.2.

In view of the foregoing, we hereby **DENY** Plaintiff's motion for reconsideration (Docket No. 40).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 4th day of August, 2009.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge