UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROLANDO ORTEGA-CANDELARIA, | |
| Plaintiff, | Civil No. 08-2382 (JAF) |
| v. | |
| ORTHOBIOLOGICS, LLC, and MEDICAL CARD SYSTEM, INC., | |
| Defendants. | |

**OPINION AND ORDER**

On remand by order of the U.S. Court of Appeals for the First Circuit, (Docket No. 26), there remains pending before this court Plaintiff's civil action claiming entitlement to benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461. (Docket No. 51.) On June 25, 2009, this court dismissed Plaintiff's case for failure to file suit within the limitations period of the relevant benefits plan.[1] (Id. at 8.) On appeal, the First Circuit reversed the dismissal and remanded the case for adjudication on the merits. Ortega Candelaria v. Orthobiologics LLC, 661 F.3d 675, 678–81 (1st Cir. 2011). Defendants now submit their "Motion to Proceed with Matter as an Administrative Appeal and for Judgment Based on the Administrative Record." (Docket No. 53.) Plaintiff opposes, (Docket No. 55), and Defendants reply, (Docket No. 59).

Plaintiff was an employee of Orthobiologics and a participant in the Long Term Disability Income Plan for Employees of Johnson and Johnson and Affiliated Companies in

---

[1] For the unusual details of Plaintiff's problems with the plan's limitations period, see Ortega Candelaria v. Orthobiologics LLC, 661 F.3d 675, 677–78 (1st Cir. 2011); (see also Docket No. 38).

Civil No. 08-2382 (JAF) -2-

Puerto Rico ("the LTD Plan").[2] (Docket No. 38 at 1–2.) "Plaintiff has been unable to work since December 18, 2002 . . . . [, and] has requested payments of benefits under the LTD Plan from Defendants since 2003, which Defendants have denied. On January 26, 2005, Defendants reaffirmed their denial of benefits." (Id. at 2.) After this court dismissed Plaintiff's claims based on the LTD Plan's limitations period, the First Circuit reversed and vacated our decision based on the doctrine of equitable tolling—an argument that Plaintiff had not made to this court. See Ortega Candelaria, 661 F.3d at 677–78. Plaintiff filed an amended complaint on December 7, 2012. (Docket No. 51.)

Defendants now argue that this case does not require discovery or a trial and that our review of the denial of benefits should be limited to the administrative record. (Docket No. 53 at 1.) In response, Plaintiff argues that he actually is challenging the procedure—as opposed to the merits—of the denial of benefits. (Docket No. 55 at 2.) Specifically, he argues that Defendants erred by denying benefits without the "evaluation of a Plan Physician and/or [an] Independent Medical Examiner regarding" tests designed by a physical therapist in November 2004. (Id.) Plaintiff claims that a different physician later "certified" that Plaintiff was unable to take those tests, and states that such "certification was provided to the defendants as part of the appeal process." (Id.) Plaintiff alleges, without citations, that denial of his claim "without a physician medical examination regarding his ability to perform" said tests constituted a "procedural irregularity." (Id.) Plaintiff also argues that he should be allowed to submit "key evidence, including testimony regarding [his] health conditions that" he claims prevented him from performing those tests in November 2004. (Id. at 3.) Finally, Plaintiff argues that he "must reserve the right to

---

[2] For further details see our previous Opinion and Order of May 25, 2009, (Docket No. 38), or the First Circuit's opinion, Ortega Candelaria, 661 F.3d at 677.

Civil No. 08-2382 (JAF) -3-

present relevant evidence to explain any other key item, such as the duties of [his] position, if that evidence isn't part of the administrative record." (Id.) Defendants counter by claiming that the Plan did not require a physician evaluation but, instead, that of a "Plan Provider," and arguing that Plaintiff has failed to provide any good reason to allow additional discovery or evidence. (Docket No. 59 at 6.) For the reasons discussed below, we agree with Defendants.

In general, review of a final ERISA administrative decision will be limited to the administrative record. If an ERISA plaintiff hopes to introduce new evidence or testimony, "at least some very good reason is needed to overcome the strong presumption that the record on review is limited to the record before the administrator." Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 23 (1st Cir. 2003). The First Circuit has explained that it "would offend interests in finality and exhaustion of administrative procedures required by ERISA to shift the focus from that decision to a moving target by presenting extra-administrative record evidence going to the substance of the decision." Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 519 (1st Cir. 2005) (citing Liston, 330 F.3d at 24). On the other hand, new evidence becomes more useful when employed to attack "the process of decision making as being contrary to the statute[, rather than] the substance of the administrator's decision." Id.

But Plaintiff's supposed attack on alleged "procedural irregularities" proves hollow; he has alleged no bias or irregularity in the decision-making process. He cites nothing in support of his allegation that the LBD Plan refused to consider his physician's evaluation regarding his failure to cooperate with the tests (or that such a refusal would have violated the LBD Plan's terms). Plaintiff includes one sentence, without record citations, claiming

Civil No. 08-2382 (JAF) -4-

that the "Summary Plan Description (SPD) states that the examinations would be in charge of [sic] physicians." (Docket No. 55 at 2.) However, as Defendants point out, the Supreme Court has held that in ERISA cases, "the summary documents, important as they are, provide communication with beneficiaries about the plan, but that their statements do not themselves constitute the terms of the plan." CIGNA Corp. v. Amara, 131 S. Ct. 1866, 1878 (2011). Plaintiff does not further develop any arguments regarding the Plan's alleged promise of examinations by physicians, as opposed to physical therapists and, therefore, we may consider such a perfunctory argument to be waived. Schneider v. Local 103 I.B.E.W. Health Plan, 442 F.3d 1, 3 (1st Cir. 2006) (internal quotation marks and citations omitted).

Furthermore, Plaintiff states that his physician's "certification was provided to the defendants as part of the appeals process." (Docket No. 55 at 2.) As such, Plaintiff cannot claim he "was denied an opportunity to present evidence to the administrator. Here, [P]laintiff had ample time to collect records" for his appeal. Orndorf, 404 F.3d at 519. Therefore, "[e]ven if the new evidence directly concerned the question of his disability before the final administrative decision, it [is] inadmissible."[3] Id.

We agree with Defendants that our review does not require a trial or supplemental finding of fact. "Where review is properly confined to the administrative record before the ERISA plan administrator, as . . . is the case here, there are no disputed issues of fact for the court to resolve." Id. at 518. "Alternatively, [Plaintiff] may be arguing that a court faced with an administrative record with conflicting medical opinions should then hold a trial with witnesses to resolve the disputes . . . . Trial is not warranted because the record shows one

---

[3] "Furthermore, the final administrative decision acts as a temporal cut off point. The claimant may not come to a court and ask it to consider post-denial medical evidence in an effort to reopen the administrative decision." Orndorf, 404 F.3d at 519.

Civil No. 08-2382 (JAF)                                                                                                    -5-

doctor's diagnosis disagrees with another's." Id. at 518 (citing Liston, 330 F.3d at 24). Moreover, Plaintiff has made no claim independent of the denial of benefits that might warrant trial, such as a retaliatory motive or discriminatory animus or violation to provide plan information. Recupero v. New Eng. Tel. & Tel. Co., 118 F.3d 820, 835 (1st Cir. 1997).

Finally, we note that we will not yet foreclose the possibility of considering (limited non-medical) evidence necessary "to explain a key item, such as the duties of the claimant's position, if [it] was omitted from the administrative record." Orndorf, 404 F.3d at 520. We will not examine any additional medical evidence outside the record, and we will not permit discovery beyond relevant plan-related documents and the claim record. Furthermore, there will be no trial in this case.[4]

For the foregoing reasons, we hereby **GRANT** Defendants' "Motion to Proceed with Matter as an Administrative Appeal." (Docket No. 53.) Limited further discovery on plan-related documents and the claim record is due by **June 18,** 2012. Defendants shall file their motion for judgment on the administrative record by **July 3, 2012,** and Plaintiff shall respond by **July 18, 2012**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 1th day of June, 2012.

                                                        s/José Antonio Fusté
                                                        JOSE ANTONIO FUSTE
                                                        United States District Judge

---

[4] We need not reach Defendants' arguments regarding the proper standard of review at this time. (Docket No. 59 at 4.) Regardless of whether we employ a de novo or arbitrary and capricious standard of review to decide the merits of this case, we will not consider medical evidence outside the record. See Orndorf, 404 F.3d at 518 (citing Liston, 330 F.3d at 24) (explaining that "de novo [review] does not itself entitle a claimant to a trial or to put on new evidence" as "de novo review generally consists of the court's independent weighing of the facts and opinions in that record"). In addition, the unavailability of a jury trial is unaffected by a "change in standard of review from arbitrary and capricious review . . . to de novo review." Id. (citing Recupero, 118 F.3d at 831).