UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ROLANDO ORTEGA-CANDELARIA,

Plaintiff,

v.

JOHNSON & JOHNSON, et al.,

Defendants.

Civil No. 08-2382 (JAF)

**OPINION AND ORDER**

We must decide whether Johnson & Johnson acted arbitrarily and capriciously when it denied long-term disability benefits under an ERISA-covered employee welfare benefit plan.

**I.**

**Factual and Procedural History**

Johnson & Johnson sponsors a self-funded, employee welfare benefit plan ("Plan"). (Docket No. 28-3 at 32.) This Plan provided long-term disability healthcare benefits to the employees of a number of affiliated companies, including OrthoBiologics, a limited liability company and a wholly-owned subsidiary of Johnson & Johnson. (Docket No. 66 at 4, 28.) Rolando Ortega-Candelaria worked for OrthoBiologics as an electrician, and he received coverage under the Plan. (Docket No. 66 at 8.) Ortega-Candelaria has been unable to work since December 18, 2002, on account of constant pain due to vertebral herniations. He requested payments of benefits under the Plan starting in 2003. Defendants denied his requests on multiple occasions, including for a final time on January 26, 2005.

Civil No. 08-2382 (JAF)                                                                                          -2-

Ortega-Candelaria filed a complaint in federal district court on December 14, 2008. (Docket No. 1.) On April 7, 2009, Codefendants moved to dismiss. (Docket No. 17.) Plaintiff opposed on April 21, 2009 (Docket No. 18), Codefendants replied on May 11, 2009 (Docket No. 23), and Plaintiff sur-replied on May 28, 2009 (Docket No. 33). We issued an order and opinion dismissing Ortega-Candelaria's complaint for failure to file suit within the limitations period of the relevant benefits plan. Ortega-Candelaria v. Johnson & Johnson, 2009 WL 1812423 (D.P.R. June 25, 2009). Ortega-Candelaria moved for reconsideration. (Docket No. 40). We denied. Ortega-Candelaria v. Johnson & Johnson, 2009 WL 2410895 (D.P.R. August 4, 2009). The First Circuit reversed and remanded the case for adjudication on the merits. Ortega Candelaria v. Orthobiologics LLC, 661 F.3d 675 (1st Cir. 2011). On June, 1, 2012, we issued an opinion and order granting Codefendants' motion for judgment on the administrative record. (Docket No. 62.) For the following reasons, we grant Codefendants' motion to dismiss.

## II.

### **Standard of Review**

In an ERISA case like this one, where review is based only on the administrative record and the conclusion as to disability can be drawn only from the facts as presented to the plan administrator, summary judgment is simply a vehicle for deciding the issue. Bard v. Boston Shipping Ass'n, 471 F.3d 229, 235 (1st 2006). Thus, the non-moving party is not entitled to the usual favorable inferences that characterize a summary judgment decision. Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 517 (1st Cir. 2005).

We review the plan administrator's decision under an arbitrary and capricious standard because the Plan's governing documents conferred discretion to the plan

Civil No. 08-2382 (JAF)                                                                                          -3-

administrator to determine benefit eligibility under the Plan.  (Docket No. 63-1 at 29.); see Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989) (benefit claims under ERISA are "to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."); see also Morales-Alejandro v. Medical Card System, Inc., 486 F.3d 693, 698 (1st Cir. 2007). The application of this standard is not in dispute. (Docket No. 66 at 2.)  The arbitrary and capricious standard is deferential, so we will uphold the plan administrator's decision "if there is any reasonable basis for it."  Madera v. Marsh USA, Inc., 426 F.3d 56, 64 (1st Cir. 2005).

## III.

## **Discussion**

Ortega-Candelaria contends that the decision to deny him long-term disability benefits was arbitrary and capricious because (A) the administrator had no justification for finding that Ortega-Candelaria did not cooperate with the evaluating physician's examination, and (B) the administrator did not give proper deference to the findings and conclusions of Ortega-Candelaria's treating physician, Dr. Oscar Ramos-Román.  (Docket No. 66 at 22-23).  Neither of the plaintiffs' arguments is persuasive.

The plan administrator had ample reasons for concluding that Ortega-Candelaria did not cooperate with the functional capacity evaluation administered on November 20, 2004. Based on that evaluation, the evaluator could not make any assessment of Ortega-Candelaria's functional capacity because he had refused to perform "all material and most of the non-material handling activities." (Docket No. 73-1 at 8.)  The evaluator found that Ortega-Candelaria consistently performed at a sub-maximal level.  Id.  The evaluator even

Civil No. 08-2382 (JAF) -4-

observed a video tape of Ortega-Candelaria flexing his right knee in the waiting room, even though he refused to flex his right knee during the evaluation. (Docket 63-3 at 1). Periodic assessments of Ortega-Candelaria's medical condition, including functional capacity evaluations, are required as part of the Plan's determination for benefit eligibility. (Docket 63-1 at 10, 14 27.) The evidence demonstrating Ortega-Candelaria's failure to fulfill the requirements of the assessments justifies the plan administrator's denial of long-term disability benefits on the basis of Ortega-Candelaria's non-cooperation during his evaluation. Because this evidence supports that decision, it is not arbitrary and capricious.

In response, Ortega-Candelaria claims that he was simply following the orders of his treating physician by refusing to perform tasks during the evaluation that could injure him. But, Ortega-Candelaria had successfully completed evaluations in the past without being found uncooperative, so we are confident that he understood how to try the tasks requested of him, even if he could not complete every one. In any event, the point is not whether *every* observer would have agreed Ortega-Candelaria was uncooperative, but whether the *plan administrator* had sufficient evidence to conclude that he was uncooperative. Gannon v. Metropolitan Life Ins. Co., 360 F.3d 211, 213 (1st Cir. 2004)) ("[T]he existence of medical evidence pointing in two directions does not render arbitrary or capricious a plan administrator's decision to credit one viewpoint or the other."). Such evidence existed here in the form of the evaluator's opinion, and that is enough to assure us that the plan administrator's decision was not arbitrary and capricious.

Next, Ortega-Candelaria argues that the plan administrator acted arbitrarily and capriciously by disregarding his treating physician's conclusions about his mental health and ability to work. This argument implies that the opinions of Ortega-Candelaria's treating

Civil No. 08-2382 (JAF) -5-

physician, Dr. Oscar Ramos-Román, ought to have greater or controlling weight in determining benefit eligibility as opposed to the opinions of evaluators retained on behalf of the plan. But, in the ERISA context, a treating physician's opinion "is not entitled to special deference." <u>Richards v. Hewlett-Packard Corp.</u>, 592 F.3d 232, 240 (1st Cir. 2010) (citation omitted); <u>Buffonge v. Prudential Insurance Co. of America</u>, 426 F.3d 20, 27 (1st Cir. 2005). Moreover, the plan administrator evaluated Dr. Ramos-Román's findings; the plan administrator concluded that other medical opinions were more persuasive and that Ortega-Candelaria was no longer eligible for long-term disability benefits. That reasoned conclusion, which is supported by evidence, is not arbitrary and capricious.

Accordingly, Ortega-Candelaria's contention that Johnson & Johnson acted arbitrarily and capriciously in denying him long-term disability benefits is **DENIED.**

## IV.

## Conclusion

For the foregoing reasons, we hereby **GRANT** Defendants' motion and **DISMISS WITH PREJUDICE** Plaintiff's claims. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 26th day of March, 2013.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
United States District Judge